## N. Y. SUPERIOR COURT.

THE ADAMS EXPRESS COMPANY agt. THE BOARD OF POLICE.

*Penal Code—constitutionality of, in its relation to inter-state commerce—Power of the court.*

If the Penal Code is susceptible of such a construction as would interfere with the inter-state traffic of an express company, such provisions are unconstitutional and void, because they violate the provisions of the Constitution of the United States, which delegates to congress the exclusive power to regulate commerce among the several states.

The court has power, in a proper case, to grant an injunction where the police board threaten to interfere with the business of an express company in the transmission of express matter in transit through the state of New York.

Although an express company would not be justified in transacting its ordinary business or receiving and delivering merchandise on Sunday, yet they may, despite the provisions of the Sunday clause of the Penal Code, carry express matter through the city of New York on Sunday, from the Jersey City ferry to the Grand Central depot, and if the police threaten to interfere the court will grant an injunction to restrain them from such interference.

*Special Term, March,* 1883.

MOTION for injunction to restrain defendants from interfering with plaintiffs' business.

*Clarence A. Seward,* for plaintiffs.

*Geo. P. Andrews,* corporation counsel, for defendants.

ARNOUX, *J.* — Plaintiffs transact business of a three-fold character, the most important being the transmission of express matter in transit through the state of New York, and in part through the city of New York, the receipt of freight and the delivery of freight in this city.

So far as the power of the court is concerned to grant an injunction where the defendants threaten to interfere with the

business of plaintiffs, the question has been examined and determined in favor of the power of the court in a proper case in *The Manhattan Iron Works* agt. *The Board of Police*.

Even if an erroneous conclusion had been arrived at in that case, the court unquestionably has jurisdiction in this case, for the reason that the defendants suggested to plaintiffs that this course should be pursued, as appears by the papers presented to the court.

This case involves the consideration of two questions: First, the inter-state express traffic; and second, the domestic business of the plaintiff.

In respect to the first, the complaint shows that the plaintiffs have no means of storage of the goods in transit, either at Jersey City or at the Grand Central depot. The result would be to permit the railroad to discharge the goods into the street and to compel the plaintiff there to place guards over it, with the consequent risk of theft, and damage by the elements.

It cannot be presumed that the legislature passed this law to deprive citizens of rights vested in them by existing laws, unless for the benefit of the whole community, and on making full satisfaction (*Calder* agt. *Bull*, 3 *Dall.*, 386). Such a presumption would be, to use the language of the supreme court of the United States, in *Green* agt. *Barry* (15 *Wall.*, 610), "contrary to reason and justice, and to the fundamental principles of the social compact."

If the Penal Code is susceptible of any such construction, however, as would interfere with the inter-state traffic of the plaintiff, such provisions are unconstitutional and void, because they violate the provisions of the Constitution of the United States, which delegates to congress the exclusive power to regulate commerce among the several states (*U. S. Const., art.* 1, *sec.* 8, *sub.* 3). This is decided by the supreme court of the United States in *Railroad* agt. *Hughson* (95 *U. S.* [5 *Otto*], 469), so that whatever doubt may have heretofore existed respecting the right of a state under its police power to arrest

Adams Express Company agt. Board of Police.

inter-state commerce heretofore existing, such doubt has been forever removed.

A different rule prevails, however, where the state is the initial or terminal point. There the regulation above quoted has no application. The state may restrict or prohibit the business to be therein transacted, provided it does not violate well-known rules of legislation and equity.

So where a thing may lawfully be done, but a certain method is ordained to be *malum prohibitum*, the law must be enforced and cannot be restrained by injunction. This distinction is clearly pointed out in *Davis* agt. *The American Society for the Prevention of Cruelty to Animals* (75 *N. Y.*, 362). The law made cruelty an offense. Plaintiffs were extensively engaged in the business of slaughtering hogs. The president of the defendant announced that they must discontinue slaughtering hogs by the methods then used, and that he would arrest all persons engaged in it and stop their business as often as he found plaintiffs conducting it in that way. Observe that it was not the fact of killing the animals that, in the eye of the law, constituted the offense, but it was the method that plaintiffs adopted. So in the case at bar, it is not every act that plaintiffs may do on Sunday that is exempt, nor every act exempt.

It must depend upon the nature and necessity of the act. There may be perishable articles in their possession whose delivery is essential to its owners. The plaintiff certainly would not be justified (and its distinguished counsel has, in the beginning of his argument, forstalled any such supposition) in transacting its ordinary business, or receiving and delivering merchandise on Sunday.

No general rule can be laid down to govern such a case. They must be dealt with as they arise.

Therefore, as to domestic matters, that is, goods to be received and delivered in this city, the injunction is denied; as to goods in transit the injunction against defendant is continued.